UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

MARITZA RIASCOS-MAZO

      Plaintiff,

v.

CARNIVAL CORPORATION, a Panamanian corporation,
d/b/a CARNIVAL CRUISE LINES, and BLUE REEF
WATERSPORTS CENTER, LLC., a Florida Limited
Liability Company

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARITZA RIASCOS-MAZO ("RIASCOS-MAZO" or "Plaintiff"), sues CARNIVAL CORPORATION, a Panamanian corporation, d/b/a CARNIVAL CRUISE LINES ("CCL") and BLUE REEF WATERSPORTS CENTER, LLC ("WATERSPORTS"), a Florida Limited Liability Company, doing business in Florida, for damages and alleges:

## JURISDICTION, PARTIES, AND VENUE

1.      This is an action under general maritime law, as applicable, and the Court has jurisdiction pursuant to 28 U.S.C. 1333.

2.      At all times material hereto, CCL was a foreign corporation with its worldwide headquarters and principal place of business in Miami-Dade County, Florida.

3.      CCL is a common carrier engaged in the business of marketing, selling and operating a cruise line, including the sale of shore excursions to guests, at various ports within the continental United States, including, Miami, Florida, and the world, including St.

Thomas, Virgin Islands, USA.

4. CCL, at all relevant times, was the owner, operator, and owner pro hac vice and/or charterer of the vessel *"Carnival Sunshine."*

5. Plaintiff, at all material times hereto, was a fare paying passenger of the *"Carnival Sunshine*."

6. At all times material hereto, WATERSPORTS was and is a Florida Limited Liability Company.

7. WATERSPORTS, at all times material hereto, owned and operated the 31' USCG passenger inspected vessel *"High Hopes,"* used to carry fare paying passengers, including the Plaintiff, on navigable waters to and from the area where it operated its parasail business.

8. At the time of the incident complained of herein, in exchange for a monetary charge, Plaintiff was a passenger aboard the vessel *"High Hopes*."

9. Venue is proper in this District, pursuant to 28 U.S.C. 1391(b), as CCL maintains its base of operations in this District and is engaged in and doing business in Miami-Dade County, Florida.

10. Further, the provisions of the CCL passenger cruise ticket require that this action be brought in this Court.

## FACTS COMMON TO ALL COUNTS

11. On or about March 20, 2015, Plaintiff boarded the *Carnival Sunshine*, departing Port Canaveral, Florida.

12. At all times material hereto, CCL was and is in the business of providing cruise vacation experiences to the public. The experience of recreational shore excursions at

the various ports of call are the *sine qua non* of the cruise experience.

13.     CCL organizes, promotes, advertises, vouches for, on the internet and elsewhere, and directly sells the shore excursions provided by employees, agents, servants, and/or representatives of CCL.

14.     Additionally, CCL selected, appointed, contracted and partnered with WATERSPORTS, as part of the cruise experience, to provide the "St. Thomas Parasail Adventure," as a permanent part of the Plaintiff's cruise aboard the *"Carnival Sunshine*."

15.     CCL promoted and sold to Plaintiff, a parasail shore excursion as part of Plaintiff's cruise with CCL on the *"Carnival Sunshine.*"

16.     CCL profits directly from the sale of shore excursions, including the "St. Thomas Parasail Adventure" and retains a substantial portion of the shore excursion revenue.

17.     CCL selected, appointed, contracted and partnered with WATERSPORTS for the purpose of providing the "St. Thomas Parasail Adventure" tour in which Plaintiff was severely injured.

18.     WATERSPORTS was the agent or apparent agent of the CCL, and CCL is responsible and liable for the actions of WATERSPORTS with respect to the subject parasail excursion.

19.     CCL and WATERSPORTS are jointly and severally liable for the negligence of each other, under the agency relationship which existed between CCL and WATERSPORTS, by virtue of the partnership and/or agency relationship and/or joint venture between Defendants.

### <u>COUNT I – NEGLIGENCE OF CCL IN THE SELECTION AND MONITORING OR TOUR OPERATOR</u>

20.     Plaintiff realleges and reavers paragraphs 1 – 19, as though fully set forth herein.

21.     CCL selected and contracted with WATERSPORTS to provide parasail shore excursions.

22.     CCL had a duty to select shore excursion companies that operated its shore excursions in a reasonable, prudent, and safe manner.

23.     CCL breached its duty when it selected WATERSPORTS as an agent of CCL and neglected to monitor WATERSPORTS.  WATERSPORTS failed to provide a safe shore excursion to Plaintiff, to-wit: WATERSPORTS operated the vessel in an unreasonably dangerous manner causing rapid jarring movements, which caused the Plaintiff to slam into the gunnel of the vessel as a passenger therein, suffering severe injuries.

24.     As a direct and proximate cause of the negligence of CCL, Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and loss of earning capacity, suffered an aggravation of a pre-existing condition, suffered a loss of enjoyment of the cruise and a loss of ability to enjoy life. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses in the future.

WHEREFORE, MARITZA RIASCOS-MAZO demands judgment against CCL for compensatory damages, including pre-judgment interest, costs, and all damages allowable by law and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

## COUNT II: NEGLIGENT MEDICAL CARE AND TREATMENT

25.     Plaintiff realleges and reavers paragraphs 1 – 19, as though fully set forth herein.

4

26.     That the Defendant, CCL owed a duty to MARITZA RIASCOS-MAZO to provide prompt and appropriate medical care following the severe spinal injury she suffered in the shore excursion.

27.     Defendant, CCL, by and through the acts of its employees or agents, was negligent, in one or more of the following ways:

(a)     in failing to properly assess the condition of MARITZA RIASCOS-MAZO;

(b)     in allowing a nurse to make the initial assessment;

(c)     in failing to have a doctor assess the patient;

(d)     in failing to timely diagnose and appropriately treat the patient;

(e)     in failing to order appropriate diagnostic x-rays or scans to further assess the degree of her injury;

(f)     in failing to obtain consultations with appropriate specialists;

(g)     in failing to immobilize the Plaintiff's spinal injury;

(h)     in failing to properly monitor the patient;

(i)     in failing to evacuate the patient from the vessel for further care in a timely manner;

(j)     in deviating from the standard of care for patients in Plaintiff's circumstances, who had suffered a significant spinal injury.

(k)     in failing to rapidly diagnose and manage Plaintiff's spinal injury;

(l)     by failing maintain the ship's diagnostic equipment, including an operating and/or properly maintained X-Ray machine, which rendered the X-Ray machine aboard useless.

28.     That as a direct and proximate result of the negligence of the Defendant, as described above, the Plaintiff's condition was aggravated and she did not receive appropriate medical care for days, resulting in an increase of Plaintiff's injury.

29.     That had MARITZA RIASCOS-MAZO received the appropriate care and treatment, it is more likely than not that she would not have suffered such a debilitating injury.

30.     That as a result of the negligence of the Defendant, as heretofore described, Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and loss of earning capacity, suffered an aggravation of a pre-existing condition, suffered a loss of enjoyment of the cruise and a loss of ability to enjoy life. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses in the future.

WHEREFORE, MARITZA RIASCOS-MAZO, demands judgment against the Defendant, CARNIVAL CORPORATION, a Panamanian corporation, d/b/a CARNIVAL CRUISE LINES, for compensatory damages, including pre-judgment interest, costs, and all damages allowable by law and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

### COUNT III: NEGLIGENT HIRING, RETENTION AND TRAINING BY CCL

31.     Plaintiff realleges and reavers paragraphs 1 – 19, as though fully set forth herein.

32.     That it is foreseeable to the Defendant, CCL, that passengers like the Plaintiff would be injured on shore excursions, or other accidents on the cruise, which would result in similar injuries.

33.     That it is foreseeable that such injuries would occur and require proper examination and evaluation, including appropriate triage in the event that the injury would require shore side examination, immobilization, diagnostic testing, evaluation, and treatment.

34.     That at all times material, the Defendant, CCL, owed a duty to use reasonable care in hiring and/or retention of all medical personnel, including the ship's doctor and nurse. The Defendant had a duty to hire medical personnel who were adequately qualified, trained and experienced to work aboard ships and to conduct examinations and evaluations of spinal injuries which would require treatment aboard ships or which might require further evaluations and/or treatments by shore side facilities and/or shore side physicians.

35.     That even though the Plaintiff complained of a severe traumatic injury to her back, was unable to ambulate, exhibited symptoms of severe spinal injury, the ship's doctor failed and/or refused to order X-Rays which would have disclosed Plaintiff had suffered a significant compression vertebral fracture.  That the doctor and the nurse failed to do any detailed examination or evaluation of Plaintiff and failed to advise the Plaintiff that she had a potentially serious injury which required tests and treatment that were unavailable on the ship, including the possibility of surgery.  At the time of Plaintiff's injury, the vessel was still in the Port of St. Thomas and the Plaintiff could have easily been referred ashore for further examination, evaluation and treatment.

36.     Defendant, CCL, breached its duty of care with regard to hiring and/or retention of the ship's doctor and nurse in one or more of the following manner:

(a)     that the Defendant negligently failed to conduct an appropriate investigation into the backgrounds of the doctor and nurse to determine if they were qualified to practice emergency medicine and to handle examinations and evaluations of severe head injuries;

(b)     that the Defendant negligently failed to hire medical personnel, including the doctor and nurse, that had appropriate training and/or experience in emergency medicine, including evaluation of severe head injuries;

(c)     that the Defendant negligently failed to hire medical personnel which were qualified and/or sufficiently trained and experienced in the use of diagnostic equipment that was aboard the vessel, which could have been used for diagnostic

7

testing and evaluation of Plaintiff's injuries;

(d)   that the Defendant negligently failed to provide appropriate training and procedures to the doctor and nurse for use of the ship's equipment for diagnostic testing;

(e)   that the Defendant negligently retained the doctor and nurse without providing appropriate training and  procedures for triage and referral to shore side facilities or physician.

37.   That as a direct and proximate result of the negligence of the Defendant, the Plaintiff did not receive competent medical care, as a result appropriate medical was delayed and she suffered aggravating spinal injuries.

WHEREFORE, the Plaintiff, MARITZA RIASCOS-MAZO, demands judgment against the Defendant, CARNIVAL CORPORATION, a Panamanian corporation, d/b/a CARNIVAL CRUISE LINES, for compensatory damages, including pre-judgment interest, costs, and all damages allowable by law and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

## COUNT IV – NEGLIGENCE OF WATERSPORTS

38.   Plaintiff realleges and reavers paragraphs 1 – 19, as though fully set forth herein.

39.   On March 23, 2015, Plaintiff boarded to the "*High Hopes*" to partake in the "St. Thomas Parasail Adventure."

40.   WATERSPORTS had a duty to operate its vessel, "*High Hopes*" in a reasonably safe manner at all times during the parasail excursion.

41.   WATERSPORTS breached its duty to Plaintiff when it failed to operate the "*High Hopes*" in reasonably safe manner, causing jarring movements to the vessel that

caused the Plaintiff to slam into the gunnel of the vessel as she was a passenger, seriously injuring her.

42.     WATERSPORTS breached its duty to Plaintiff by failing maintain basic first aid and safety equipment on board, including an immobilization device to prevent additional injury from occurring.

43.     WATERSPORTS breached its duty to Plaintiff by failing to warn the Plaintiff that it was in the process of conducting a maneuver that resulted in the Plaintiff being thrown against the gunnel.

42.     As a direct and proximate cause of the negligence of WATERSPORTS, as described herein, Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and loss of earning capacity, suffered an aggravation of a pre-existing condition, suffered a loss of enjoyment of the cruise and a loss of ability to enjoy life. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses in the future.

WHEREFORE, MARITZA RIASCOS-MAZO demands judgment against WATERSPORTS for compensatory damages, including pre-judgment interest, costs, and all damages allowable by law and further demands trial by jury of all issues so triable, as a matter of right, as well as any further relief as this Court deems just and appropriate.

Dated this 22rd day of October, 2015.

**HIGH STACK GORDON KIRBY**
Co-Counsel for Plaintiff
525 E. Strawbridge Avenue
Melbourne, FL 32901-4705
Telephone:  321-725-7575
Facsimile:  321-984-2411
E-Mail:  epleadings@highstacklaw.com

By: /s/_____
    **Michael R. Kirby, Esq.**

**ROBERT L. GARDANA, P.A.**
Attorneys for Plaintiff
12350 SW 132nd Court, Suite 204
Miami, FL 33186
Telephone:   305-358-0000
Facsimile:   305-358-1680
E-Mail:   Gardanalaw@gmail.com

By:  /s/_____
    **Robert L. Gardana, Esq.**